CITY OF COLUMBUS, Appellee,

v.

PIERCE, Appellant.

[Cite as *Columbus v. Pierce* (1991), 77 Ohio App.3d 841.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–239, 91AP–240.

Decided Nov. 7, 1991.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Thomas K. Lindsey,* for appellee.

*James T. Boulger,* for appellant.

BOWMAN, Presiding Judge.

On October 7, 1988, appellant, Geraldine M. Pierce, a.k.a. Richardson, entered a plea of no contest to the charges of reckless operation of a motor vehicle and driving without a valid license. The trial court ordered a pre-sentence investigation and sentencing was scheduled for December 14, 1988. At that time, the trial court imposed a sentence of thirty days in jail and a $250 fine on the reckless operation charge, plus one hundred eighty days in jail and a $1,000 fine on the driving-without-a-valid-license charge.

On January 4, 1989, appellant filed a notice of appeal with this court. On January 25, 1989, a hearing was held in the trial court on appellant's motion that she be released on bond pending appeal. In overruling the motion for bond, the trial court stated as follows:

"[The Court:] Of all the persons who saw fit to write to me expressing their views in this case—and there were many—only the immediate family of Mrs. Richardson, her husband and children and a friend, implored me to release the defendant, stating that the maximum sentence was too harsh.

"I did not grant those requests, and I will not. I do not hesitate to state that if I could have sentenced this lady to years of confinement, I would have.

"An appeal bond is to ensure that if whatever appeal may be filed is rejected by the higher court, then the defendant will serve and pay the sentence that this Court imposed.

"After the tragedy of this case happened, the Court notes the defendant left the State. And, also, Mrs. Richardson has no ties to and is not a resident of Franklin County. And, frankly, I am very concerned that she will be available for further order of this Court and the Court of Appeals.

"I take the responsibility of my oath as a Judge very seriously, and I am also mindful to the memory of the mother and two children who lost their lives in this tragedy. The meager sentence under the law that this Court could impose, even though it was the maximum, as contrasted to the conduct of the defendant who directly caused the accident, requires that justice be served."

On February 3, 1989, this court granted appellant's motion for relief on bond pending appeal. Furthermore, on August 29, 1989, this court *sua sponte* dismissed the appeal in the driving-without-a-valid-license case due to the absence of the trial court's signature. This court reversed the conviction on the charge of reckless operation because the trial court failed to fully comply with Crim.R. 11(E) in accepting appellant's plea of no contest and remanded the matter for re-sentencing. *Columbus v. Pierce* (Aug. 29, 1989), Franklin App. No. 89AP-17, unreported, 1989 WL 99413.

On November 17, 1989, appellant filed an affidavit of prejudice in the trial court which was subsequently overruled by the Presiding Judge of the Franklin County Court of Common Pleas. Appellant then filed an action in mandamus in this court regarding the action of the presiding judge overruling the affidavit of prejudice. On May 17, 1989, this court dismissed that mandamus action. *State ex rel. Pierce v. West* (May 17, 1990), Franklin App. No. 89AP-1467, unreported, 1990 WL 65652. Appellant subsequently filed an appeal in the Ohio Supreme Court.

On January 15, 1991, the trial court dismissed the charge of reckless operation pursuant to statute because appellant had served in excess of the maximum sentence for that offense. Appellant entered a plea of no contest to the remaining charge of driving without a license. Following an explanation of the circumstances by the prosecutor, the trial court made a finding of guilty. At the request of appellant, a pre-sentence investigation was ordered and sentencing was scheduled for February 28, 1991. At that time, the trial court imposed the same sentence that was originally imposed on the charge of driving without a valid license.

On February 28, 1991, appellant filed a notice of appeal with this court and sets forth the following assignment of error:

"The trial judge erred to the prejudice of the defendant in failing to disqualify himself from further proceedings in this matter after reversal and

remand upon the filing of the defendant/appellant's affidavit of bias and prejudice."

Appellant contends that the trial court judge erred in failing to disqualify himself. Appellant argues that the trial court's remarks at the January 25, 1989 hearing constitute sufficient bias or prejudice to require disqualification.

On July 10, 1991, the Ohio Supreme Court filed a journal entry in *State v. Warner,* No. 91–AP–110. In that entry, the court considered whether the judge's statements were sufficient to cause his disqualification from further proceedings. According to the entry, the trial judge stated that: " * * * '[I]f the parole board calls me I am going to tell them that you should serve the full three and one-half years.' * * * " The Ohio Supreme Court reached the following conclusion:

" * * * This remark suggests ' * * * the formation of a fixed anticipatory judgment on the part of the judge, as contra-distinguished from an open state of mind' such that a reasonable person could question whether the decision on the pending motion 'will be governed by the law and the facts.' *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469 [58 O.O. 315, 318, 132 N.E.2d 191, 195–196].

"Therefore, in the interest of avoiding even the appearance of any bias or prejudice and to ensure the absolute confidence of the parties and the public in the fair and impartial resolution of all matters, it is ordered that Judge Robert R. Ruehlman participate no further in these proceedings."

The state contends that the remarks of the trial court merely indicate the court's opinion regarding the seriousness of the offense and the tragic consequences of appellant's actions. However, this court finds the reasoning of the *Warner* case to be persuasive. Although we may well doubt the eventual disposition of this matter will be significantly different, it is important to avoid even the appearance of bias or prejudice to ensure the confidence of the parties and the public in the fair and impartial resolution of all matters and the trial judge should have disqualified himself from sentencing in this matter.

Appellant's assignment of error is well taken and is sustained. This matter is reversed and remanded to the Franklin County Municipal Court with instructions that it be assigned to a different judge for purposes of sentencing.

*Judgment reversed*
*and cause remanded*
*with instructions.*

WHITESIDE and PETREE, JJ., concur.