TOTH; Walsh, Appellant,

v.

TOTH, Appellee.

[Cite as *Toth v. Toth* (1994), 94 Ohio App.3d 561.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64387.

Decided May 9, 1994.

562

*Hahn Loeser & Parks,* and *Stephen J. Knerly, Jr.,* for Virginia E. Toth.

*Mary V.G. Walsh, pro se.*

*Marshall J. Wolf,* for appellee.

*Louis C. Damiani,* guardian *ad litem.*

STRAUSBAUGH, Judge.

Appellant Mary V.G. Walsh timely appeals from an August 19, 1992 judgment of the Cuyahoga County Court of Common Pleas granting the following motions:

1. Motion of guardian *ad litem* Louis C. Damiani for sanctions and attorney fees against Walsh in the amount of $1,700; and

2. Motion of Gary A. Toth for sanctions and attorney fees against Walsh in the amount of $1,000.

The instant case arises from the 1983 divorce and subsequent child custody actions of Gary A. Toth and Virginia E. Toth. Walsh served as counsel for Virginia Toth during the course of the proceedings prior to the award of sanctions. The facts that follow are relevant only to the instant appeal.

On February 9, 1990, Gary A. Toth filed a motion for termination of joint custody of the Toths' minor children and for custody of the minor children. Virginia E. Toth subsequently filed a motion, on February 28, 1990, for custody of the minor children and to modify support. On June 12, 1990, Virginia E. Toth filed a motion for the appointment of a guardian *ad litem* for the minor children. On January 18, 1991, the Domestic Relations Division granted temporary custody of the minor children *ex parte* to Gary A. Toth and appointed Louis C. Damiani as guardian *ad litem.*

On February 1, 1991, Walsh, as counsel for Virginia E. Toth, filed a motion to replace the guardian *ad litem* alleging as follows:

"1. Mr. Damiani has not had the Guardian ad Litem training mandated by the local rules of this Court, and is thus not eligible to act as a Guardian ad Litem;

"2. Mr. Damiani has for many years had a close personal and professional relationship with the trial judge and his family, and his appointment in this delicate and convoluted case, especially in view of the *ex parte* order referred to above, bears the appearance of impropriety. It would be more appropriate to appoint a Guardian ad Litem through the normal channels; and

"3. Mr. Damiani, as a single man living at home, is not qualified to judge the housekeeping standards of a working woman with three teenage children; since plaintiff's housekeeping is an issue in this matter, Mr. Damiani has not the requisite experience to make an evaluation."

On February 21, 1991, the trial judge, the same judge who appointed Damiani as guardian *ad litem,* conducted a hearing on the motion to replace the guardian *ad litem.* In a judgment entry dated March 13, 1991, to which Virginia E. Toth objected on March 8, 1993, the court stated, *inter alia,* as follows:

*"The court finds that the motion to replace the Guardian ad litem is wholly without merit. There is not a scintilla of evidence to support the claims of respondent's counsel as set forth in her brief in support of such motion. Counsel's claims are generally incorrect and spurious.* The Guardian ad Litem is qualified to serve this court in such capacity, having been a former referee of this court as well as an appointed Guardian ad Litem by the judges of this court on five (5) separate occasions in the past two (2) years. Further, the Guardian's name appears on the list of attorneys qualified to serve as Guardian ad Litem, which list is kept by the director of the Guardian ad Litem Department of this court. The motion to remove the Guardian ad Litem is, therefore, overruled. *The Guardian ad litem and petitioner are granted leave to file appropriate motions pursuant to Civil Rule 11 with regard thereto."* (Emphasis added.)

On February 28, 1991, guardian *ad litem* Damiani filed a motion for sanctions and attorney fees, pursuant to Civ.R. 11 and R.C. 2323.51, against Walsh. On March 5, 1991, Gary A. Toth also filed a motion for sanctions and attorney fees against Walsh, pursuant to the foregoing Civil Rule and statute, citing as the basis for the alleged harm "the necessity to defend the motions to remove Guardian ad Litem and request for findings of fact and conclusions of law filed by [Walsh]."

On March 21, 1991, both motions for sanctions and attorney fees were heard before Referee Victor V. Anselmo. On May 1, 1991, the referee recommended that both motions be granted. Virginia E. Toth and Walsh filed objections to this report on May 14, 1991 and Toth obtained new counsel. On August 19, 1992, the trial court adopted the report of the referee and granted the sanctions and attorney fees. The trial court did not, however, state whether sanctions and attorney fees were imposed pursuant to Civ.R. 11 or R.C. 2323.51 or both. The instant appeal followed.

Walsh, Virginia Toth's former counsel, raises the following assignments of error:

"I. The trial court abused its discretion in awarding to defendant-appellee Gary Toth sanctions in the form of attorney fees.

"II. The trial court abused its discretion in awarding any sanctions to the guardian ad litem or to his attorney.

"III. The trial court abused its discretion in awarding sanctions against appellant where she was given no opportunity at hearing to defend her position.

"IV. The trial court abused its discretion if it awarded sanctions in connection with the preparation and prosecution of the motions for sanctions themselves."

Since Walsh's third assignment of error has merit, we need not consider the other three assignments since they are rendered moot pursuant to App.R. 12(A)(1)(c).

 The issues of frivolity of claims and appropriate sanctions are governed by Civ.R. 11 [1] and R.C. 2323.51.[2] A trial court's decision to impose sanctions will not be reversed absent an abuse of discretion. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966; *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker* (1990), 70 Ohio App.3d 493, 591 N.E.2d 402; *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001. The question of whether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification or reversal of existing law is a question of law to be reviewed *de novo*. *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 600 N.E.2d 309.

---

1. Civ.R. 11 states in relevant part as follows: "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a *willful violation* of this rule an attorney may be subjected to appropriate action. Similar action may be taken if scandalous or indecent matter is inserted." (Emphasis added).

2. R.C. 2323.51(A) states in relevant part as follows: "(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
 "(a) It obviously serves merely to harass or maliciously injure another party to the civil action;
 "(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 " (B)(1) * * * [T]he court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. * * *
 "(2) An award of reasonable attorney's fees may be made pursuant to division (B)(1) * * * only after the court does all of the following:
 "(a) Sets a date for a *hearing to determine whether particular conduct was frivolous* * * *;
 "* * *
 "(c) Conducts the hearing [allowing] the parties * * * *to present any relevant evidence* * * *." (Emphasis added.)

On March 21, 1991, Referee Victor V. Anselmo conducted a hearing on the motions for sanctions and attorney fees pursuant to R.C. 2323.51(B)(2). The following parties were present:

1. Mary V.G. Walsh, appellant;

2. Marshall J. Wolf, on behalf of Gary A. Toth;

3. Louis C. Damiani, the guardian *ad litem;* and

4. Bruce Zaccagnini, on behalf of Louis C. Damiani.

Initially, Walsh requested a continuance stating that she received notice of the hearing only three days prior, March 18, 1991, and as a result, her retained counsel was not able to be present for the hearing. Walsh claimed she orally requested a continuance the previous day, March 20, 1991, and served a motion for continuance on opposing counsel that very morning, March 21, 1991. She admitted she had not had the time to file the motion and that it remained unfiled.

Wolf moved to strike the motion for continuance since it was not filed and was not in writing, signed by the party as well as counsel, pursuant to C.P.Sup.R. 7(A). Zaccagnini joined the motion to strike Walsh's motion for continuance stating neither he nor the guardian *ad litem* were contacted with respect to a request for continuance.

The referee refused to hear the motion for continuance since it was not signed or filed. He also stated he informed Walsh on the previous day, March 20, 1991, that she could secure a continuance only by obtaining the agreement of all parties or by obtaining permission of the judge. Walsh admitted she did not accomplish either of these, the judge having been unavailable the previous day. Walsh agreed to proceed with the hearing "under protest" since she was not represented by counsel.

Damiani then testified as to his qualifications to serve as guardian *ad litem*. He stated he was a law clerk in the common pleas court, after which he became a referee with that court. He further stated that as a referee, he had the opportunity to hear motions for custody, motions for increase of child support, motions for attorney fees, divorce cases upon their merits, dissolution of marriage cases as well as alimony actions.

Damiani then testified he served at the Supreme Court of Ohio and as a member of the Child Support Enforcement Committee. He also stated he had been appointed guardian *ad litem* four times in the past two years. Damiani stated he was notified by letter from the director of the guardian *ad litem* program that he had been appointed guardian *ad litem* in the instant case. He further stated he could find no local rule or other case law requiring guardians *ad litem* to be specially trained for that function.

Finally, Damiani testified as to the costs he incurred defending against the motion to remove him as guardian *ad litem*. He stated he incurred $48.30 in costs for copying the documents provided to him by the director of the guardian *ad litem* program; $18 for subpoena service; $1,237.50 in attorney fees for his own services in defending against the motion to remove (8.25 hours billed at $150 per hour); and $660 in attorney fees by retaining Zaccagnini as his own counsel when it became apparent Damiani was going to be called as a witness at the hearing (six hours billed at $110 per hour).

On cross-examination, Walsh attempted to inquire further into the qualifications of Damiani to be appointed guardian *ad litem*. Notwithstanding the fact that counsel for Damiani had raised the issue on direct examination, Wolf and Zaccagnini vigorously objected to every question asked by Walsh claiming that *res judicata* prohibited the issue of Damiani's removal as guardian from being relitigated. Specifically, Walsh asked the following questions, the majority of which were not answered because the referee sustained the objections of opposing counsel:

"1. Mr. Damiani, you went straight from law school into being a referee in this Court; is that correct?"

"2. Did you practice law in between [law school and your position as referee]?"

"3. How many Domestic Relations cases did you handle in that two month period [between law school and assuming the referee's position]?"

"4. Mr. Damiani, have you had any training as a Guardian?"

In addition to denying Walsh the opportunity to cross-examine Damiani with respect to his qualifications, the referee permitted Zaccagnini to read into evidence the trial judge's March 13, 1991 journal entry in which the judge declared in relevant part as follows:

"The court finds that the motion to replace the Guardian *ad litem* is wholly without merit. There is not a scintilla of evidence to support the claims of respondent's counsel as set forth in her brief in support of such motion. Counsel's claims are generally incorrect and spurious."

Opposing counsel then argued that since the trial judge had already found Walsh's claims to be "frivolous" at the hearing for consideration of the motion to remove the guardian *ad litem*, the only purpose of the March 21, 1991 hearing was to determine appropriate sanctions and attorney fees owing by Walsh. In the transcript of proceedings, March 21, 1991, the following discourse occurs:

"The Referee: We are on the fees.

"Ms. Walsh: No, sir. We are here on whether or not this is a sham motion and sham depends on whether the allegations raised in my motion are truthful or not.

"Mr. Wolf: The Court already made a finding it was a frivolous motion."

The remainder of the record demonstrates that the same set of circumstances occurred throughout the hearing. In fact, Zaccagnini and Wolf both testified as to the amount of work they performed in defense of the motion to remove the guardian. Walsh, in contrast, did not testify in the form of "direct" examination but was only permitted to testify in two brief cross-examinations. In essence, the gist of the entire hearing to determine whether sanctions should be imposed on Walsh turned out to be an inquiry into the attorney fees incurred by opposing parties.

In *Spangler v. Redick* (1991), 74 Ohio App.3d 798, 808, 600 N.E.2d 720, 726–727, the court dealt with a strikingly similar set of circumstances and wrote as follows:

"[T]he trial court * * * failed to comply with the requirement of R.C. 2323.-51(B)(2) that a hearing be provided in order to determine whether particular conduct was indeed frivolous. *Rather, the record demonstrates that this determination was made by the trial court following a review of the record and the motions before it and that a hearing was provided before a referee solely for the purpose of determining the amount of reasonable attorney fees to be awarded. This is apparent in the referee's report as well, which simply refers to the trial court's previous determination that there existed frivolous conduct.* Without providing a hearing as is required by R.C. 2323.51(B)(2), the trial court erred in awarding attorney fees * * *." (Emphasis added.)

In the case *sub judice,* a situation occurred that is nearly *identical* in circumstances to that in *Spangler, supra.* During a hearing that was supposed to inquire into whether Walsh's motion was a "sham," opposing counsel argued that the trial judge, on March 13, 1991, in his journal entry denying the motion to remove guardian *ad litem,* had already determined the motion was a "sham." Restated, at the hearing to determine if Walsh should be sanctioned and ordered to pay attorney fees incurred by Gary A. Toth and Damiani as a result of Walsh's motion to remove the guardian *ad litem,* Walsh was not permitted to question Damiani with regard to his qualifications for serving as guardian *ad litem* when such testimony was essential to Walsh's defense of her motion.

There is no way the referee could have determined whether Walsh signed a pleading she knew to be false or filed a pleading not warranted under existing law and that could not be supported by a good faith argument for a modification or extension of existing law unless the referee permitted Walsh to demonstrate the factual and legal premises upon which she based her motion. R.C. 2323.-

51(B)(2). Assuming, *arguendo*, that an inquiry into Damiani's qualifications for the purpose of relitigating the issue of whether he should be removed as guardian *ad litem* was indeed prohibited by *res judicata* or collateral estoppel, an inquiry into Damiani's qualifications was nevertheless proper for the purpose of permitting Walsh to demonstrate her subjective beliefs that motivated Walsh to move for Damiani's removal in the first place. Relevant evidence, although inadmissible for one purpose, may be admissible for another purpose. Evid.R. 105.[3]

In essence, Walsh *should* have been permitted the opportunity to demonstrate that her motion for removal of the guardian *ad litem* was grounded in fact and existing law, *i.e.*, that she did not make her motion in "bad faith." In contrast, however, as in *Spangler, supra*, the hearing to determine whether Walsh violated Civ.R. 11 and R.C. 2323.51 was reduced to an inquiry into the amount of attorney fees incurred by Damiani and Gary A. Toth. In addition, also as in *Spangler, supra*, the report of Referee Anselmo merely restated the findings of the trial judge at the previous hearing, *i.e.*, the hearing to consider removal of the guardian *ad litem*. In effect, the referee's report merely referred to "the trial court's previous determination that there existed frivolous conduct." *Spangler, supra*.

Thus, the referee did not conduct an independent hearing on the issue of whether sanctions and attorney fees should be imposed upon Walsh in accordance with R.C. 2323.51. Clearly, the trial judge's prior finding that appellant's motion was frivolous was not made in a hearing convened to address the issue of sanctions as is required by R.C. 2323.51.

Therefore, we find that Walsh's contentions with respect to the March 21, 1991 hearing on motions for sanctions are well taken. Since Walsh was permitted at the hearing on the motions for sanctions to elicit testimony only respecting the attorney fees incurred by opposing parties, *i.e.*, since appellant was not permitted to elicit testimony that would have served to demonstrate her subjective basis for the motion to remove the guardian *ad litem*, she was effectively *denied a hearing guaranteed by* R.C. 2323.51(B)(2). This denial of an opportunity to be heard and to present and cross-examine witnesses amounted to a denial of due process of law.

The August 19, 1992 judgment awarding attorney fees and imposing sanctions upon appellant Walsh should, therefore, be vacated. This judgment should be reversed for the reason that the trial court adopted the referee's report, despite

---

3. Evid.R. 105 states as follows: "When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly."

the fact the referee did not comply with the hearing requirements of R.C. 2323.51(B), which provides in relevant part that:

"(1) * * * [A]t any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. * * *

"(2) An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:

"(a) Sets a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

" * * *

"(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made."

Pursuant to this section, Walsh should have been afforded an opportunity to present evidence demonstrating that her motion for removal of the guardian *ad litem* was not frivolous. This was not done. Rather, the record demonstrates that in deciding whether Walsh engaged in frivolous conduct by filing a motion to remove the guardian *ad litem,* the referee merely adopted the trial judge's statement in his order that "[t]here is not a scintilla of evidence to support the claims of respondent's counsel as set forth in her brief in support of such motion. Counsel's claims are generally incorrect and spurious." This did not allow Walsh a sufficient opportunity to present evidence to support her position that her motion for removal of guardian was not frivolous. Without holding a full hearing on the issues of whether Walsh signed and filed the motion to remove the guardian *ad litem* knowing it to be false or merely to harass or injure the opposing party or knowing that it was not warranted under existing law and could not be supported by a good-faith argument for an extension, modification or reversal of existing law, the trial court erred in awarding attorney fees to Damiani and Mr. Toth on the basis that there existed frivolous conduct on the part of Walsh.

The issues presented by Walsh's motion to remove the guardian and the evidence relevant to proof thereof were not the same issues as those which were

presented by Mr. Toth's and Damiani's subsequent motions for attorney fees and sanctions pursuant to Civ.R. 11 and R.C. 2323.51. Thus, there was no reason, during the removal hearing, for Walsh to set forth her subjective reasons for filing the motion to remove, which would be critical to a determination of a motion for sanctions and attorney fees.

In her appellate brief, Walsh also contests the introduction into evidence, at the referee's hearing for sanctions, of the March 13, 1991 journal entry of the trial court which found Walsh's claims to be "spurious." This journal entry should not have been admitted into evidence at the sanction hearing since it is not relevant to the inquiry into whether Walsh's action was frivolous. The question of frivolity requires evidence attesting to Walsh's *subjective* reasons for filing the motion to remove Damiani rather than another party's *objective* conclusory opinion as to her reasons. The trial judge's opinion with respect to Walsh's intent is not relevant to resolution of the motions for sanctions and attorney fees as "relevant evidence" is defined in Evid.R. 401.[4] Even if it were relevant evidence, which it is not, introduction of the trial judge's opinions would not be admissible in accordance with Evid.R. 403.[5]

Even assuming, *arguendo*, that the trial judge's statements in his March 13, 1991 order regarding the absence of evidence to support Walsh's motion to remove the guardian constituted *prima facie* evidence of frivolous conduct on the part of Walsh for purposes of Mr. Toth's and Damiani's motions for sanctions and attorney fees pursuant to Civ.R. 11 and R.C. 2323.51, this presumption is a rebuttable one, and Walsh must be afforded the opportunity to come forward with her own evidence, if she is able, to demonstrate that her conduct was not frivolous and was in good faith.

The sole remaining issue concerns the disposition of the appeal *sub judice*. Unlike *Spangler*, the briefs of Walsh raise concerns about the integrity of the proceedings in the trial court in the case *sub judice* since the trial judge appointed the guardian *ad litem*, denied the motion to replace him, invited the filing of motions for sanctions, and granted sanctions after depriving her of her right to due process. We recognize this court of appeals has previously ordered the denial of a motion under similar circumstances following remand. *Cottrell v. Ohio State Constr.* (1984), 16 Ohio App.3d 362, 364, 16 OBR 417, 418, 476 N.E.2d

---

4. Evid.R. 401 states as follows: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

5. Evid.R. 403 states in relevant part as follows: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

729, 731. However, we find that adhering to *Spangler* would serve the interests of justice under the circumstances *sub judice,* and remand this case to the trial court for further proceedings without prejudice to raising this issue by filing of an affidavit of prejudice or seeking other appropriate relief. See *Columbus v. Pierce* (1991), 77 Ohio App.3d 841, 844, 603 N.E.2d 1104, 1106.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NUGENT, J., concurs.

JOHN F. CORRIGAN, P.J., participated in deliberations in this cause but passed away before the issuance of the opinion.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.