OPINION
Appellant John W. Leibold appeals a judgment of the Delaware County Common Pleas Court, Probate Division, ordering him to pay $4,000 to the Estate of Mary Opal Endslow for attorney fees incurred by the estate as a result of appellant's frivolous conduct:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE PROBATE COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING UPON HIM A FINE FOR FRIVOLOUS LITIGATION WHICH RELATED TO SERVICES OF ATTORNEYS SCHILDER AND MOLNAR RENDERED BEFORE APPELLANT ENTERED THE CASE.
SECOND ASSIGNMENT OF ERROR
 WHEN THE PROBATE JUDGE SUA SPONTE PRESENTED THE CHARGE AGAINST THE APPELLANT ATTORNEY OF FRIVOLOUS LITIGATION WITHOUT SPECIFICATION OF PARTICULARS, THEN HIMSELF ADJUDGED THE MATTER WITHOUT RESPONDING TO APPELLANT'S MOTION TO MAKE DEFINITE AND CERTAIN, THE PROBATE COURT DEPRIVED APPELLANT OF DUE PROCESS AND THEREBY ERRED TO THE PREJUDICE OF APPELLANT.
THIRD ASSIGNMENT OF ERROR
 THE PROBATE COURT'S OCTOBER 18, 1999 DECISION AND ENTRY CONTAINED SUCH BIASED LANGUAGE INCONSISTENCIES AND MISSTATEMENTS THAT IT IS APPARENT THAT THE COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFUSING TO CONSIDER WHETHER APPELLANT COUNSEL PRESENTED JUSTICIABLE ISSUES ON BEHALF OF HIS CLIENT, THOMAS ENDSLOW, AND THAT THE COURT HAD BECOME SO BIASED AGAINST THOMAS ENDSLOW THAT IT PAINTED APPELLANT COUNSEL WITH THE SAME BRUSH.
Thomas L. Endslow, former executor of the estate, cross-appeals:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE PROBATE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN OVERRULING APPELLANT LEIBOLD'S REQUEST ON BEHALF OF CROSS-APPELLANT TO STAY ALL PROCEEDINGS AT THE HEARING OF JULY 26, 1999 BECAUSE THE PROBATE COURT WAS DIVESTED OF JURISDICTION BY THE NOTICE OF APPEAL FILED JULY 15, 1999.
ASSIGNMENT OF ERROR NO. 2
 THE PROBATE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN THE COURT HELD IN THE JUDGMENT ENTRY OF OCTOBER 18, 1999 THE FOLLOWING: THOMAS ENDSLOW SHALL PAY TO THE ESTATE ON THE SECTION 2109.50 ET AL., O.R.C. ACTION THE PENALTY OF $2,092.76.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN AWARDING FEES FOR FRIVOLOUS CONDUCT PURSUANT TO R.C. 2323.51 WHEN: (1) THE COURT FAILED TO FIND OR APPELLEES FAILED TO PROVE ALLEGED FRIVOLOUS CONDUCT PURSUANT TO R.C. 2323.51(A)(2)(a)(I)(ii) OR (iii) AND (2) THE APPELLEES FAILED TO PROVE THE ATTORNEY'S FEES AWARDED WERE REASONABLY INCURRED WITH THAT ACTION AND WERE NECESSITATED BY THE FRIVOLOUS CONDUCT.
Mary Opal Endslow died on November 14, 1994. Her Last Will and Testament was admitted to probate on January 31, 1995. On February 7, 1995, the Probate Court appointed the decedent's son, cross-appellant Thomas Endslow, as executor, pursuant to the terms of the will. Prior to the decedent's death, Thomas Endslow resided in her residence and attended to her daily dialysis treatments. At the time of his appointment as executor, Attorney Mark Adams represented Thomas Endslow. Following the decedent's death, Thomas Endslow remained in the residence. Eventually, he listed the real estate for sale with a realtor. During the summer of 1995, the executor and other family members, in particular Ernest Endslow, had discussions and strong disagreements concerning the proposed sale of the real estate. Subsequently, Attorney Adams expressed concerns about the executor's ability to prepare proper fiduciary accountings. On September 11, 1995, the executor discharged Mr. Adams as his attorney. On September 12, 1995, Adams filed with the Probate Court an application for removal of the fiduciary. On September 22, Attorney Timothy Crowley entered his appearance as counsel for the executor. On October 19, 1995, Attorney Joseph Schilder filed a motion on behalf of two of the beneficiaries to prevent any yard or garage sales of the estate's tangible personalty. This motion was sustained by the Probate Court. Attorney Schilder filed an application to remove the executor on October 30, 1995. Following a hearing, the probate court immediately removed Thomas Endslow as executor, and proposed the appointment of a local attorney as a neutral administrator with the will annexed (W.W.A.). The attorney declined based on a pending lawsuit against the estate, concerning an EPA violation on the estate property. EPA regulations subjected the administrator to potential personal liability. The estate had no fiduciary for two months. On January 29, 1996, the trial court appointed Jeffrey Endslow, Thomas Endslow's nephew, as administrator W.W.A.. The trial court appointed a family member as fiduciary due to the potential personal liability from the alleged EPA violation. Thomas Endslow was displeased with appointment of his nephew as administrator, and failed to communicate with Attorney Crowley concerning preparation of his final fiduciary's account and the transfer of estate assets to Jeffrey Endslow. After Attorney Crowley received no response to letters and telephone calls, he went to National City Bank and obtained a recent statement of the estate's checking account. Upon reviewing this statement, Attorney Crowley discovered three checks had been written from the estate's checking account, totaling $7,000. This occurred immediately after the hearing on January 29, 1996. Thomas Endslow was subsequently indicted and tried on two felony charges arising out of the unauthorized taking of $7,000. Thomas Endslow was convicted, and was sentenced to a term of incarceration. Thereafter, Attorney Crowley filed a motion to withdraw as counsel of record for Thomas Endslow. The motion was granted. On March 13, 1996, Thomas Endslow appeared before the Probate Court for failure to file his final fiduciary's account. The probate court found him in contempt, assessed a civil fine, and incarcerated him until his release was obtained by court-appointed counsel. With the help of a court-appointed attorney, Endslow filed a proper accounting on March 21, 1996. The heirs and the administrator W.W.A. filed exceptions to the final accounting. The heirs claimed Thomas Endslow did not account for personal bills he incurred and charged to the estate while living on the decedent's property, cash expenditures to him while he was acting as executor, and certain bank account and rental income. In January and February of 1997, several agreed journal entries were filed by all parties as to will construction, power of sale of property, fraudulent transfers, and the value of a distribution of ten acres of real property to Ernest Endslow, father of the administrator and brother of Thomas Endslow. In January of 1998, following 18 months of hearings, the trial court found that Thomas Endslow owed the estate $9,000 in back rent. The court further found him responsible for $20,927.67 in charges to the estate. On February 24, 1998, the administrator filed the fiduciary's account. Thomas Endslow filed exceptions to the administrator's account, raising two objections. First, he alleged the account failed to account for all rent income received by the administrator. Second, Thomas Endslow maintained that certain disbursements for plumbing, carpeting, and hardware supplies were either not required for the estate or not performed for the estate. Thomas Endslow later withdrew all objections. Appellant John Leibold entered the case on June 29, 1998, representing Thomas Endslow. On November 12, 1998, Attorney Leibold filed on Endslow's behalf a document entitled "motions," in which he sought reconsideration of the judgment approving the sale of ten acres of real estate as an in-kind distribution to Ernest Endslow, challenged the judgment which charged Thomas Endslow with financial responsibility to the estate, sought leave to re-file exceptions to the account which had been filed on March 12, 1998, and moved the court to award him reasonable executor fees. The court overruled all of these motions. Thomas Endslow appealed the judgment overruling his motions. This court dismissed the appeal for want of a final appealable order on April 12, 2000. In Re: Estate of Mary Opal Endslow, Deceased (April 12, 2000), Delaware Appellate No. 99-CA-07-37, unreported. The probate court sua sponte raised the issue of whether appellant John Leibold and cross-appellant Thomas Endslow committed frivolous conduct. The court found frivolous conduct on behalf of both appellant and cross-appellant, and found that Attorneys Schilder and Molnar had incurred attorney fees on behalf of the estate in the amount of $9678.50 as a necessary and reasonable result of such frivolous conduct. By judgment filed October 19, 1999, the court ordered appellant to pay $4,000 to the estate, and cross-appellant to pay the sum of $5678.50 to the estate, for payment to Attorneys Schilder and Molnar. The court further ordered cross-appellant to pay $2092.76 to the estate as a penalty for concealing assets. We first address the assignments of error of appellant John Leibold.
 I, III
We address the first and third assignments of error together, as they address the related issue of the propriety of the court's finding of frivolous conduct, and award of attorney fees as a reasonable and necessary result of such conduct. R.C. 2323.51
(B)(2) provides in pertinent part: (2) An award may be made pursuant to division (B) (1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following: (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award; (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct; (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. This provision clearly mandates that once a court has determined that frivolous conduct has occurred, the court must make an additional determination that a party has been adversely affected by such conduct before determining whether an award of attorney fees is appropriate. Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 54. A party is not necessarily or presumptively adversely affected based solely upon the fundamental necessity of expending attorney fees to defend a lawsuit in general. Id. Where a determination has been made that certain claims in a civil action were frivolous, the party seeking attorney fees pursuant to R.C. 2323.51 must affirmatively demonstrate that he incurred additional attorney fees as a direct and identifiable result of defending the frivolous conduct in particular. Id. R.C. 2323.51 (B)(3) disallows an award in excess of fees reasonably incurred and necessitated by the frivolous conduct. Further, the statute specifically authorizes admission into evidence of an itemized list or other evidence of legal services necessitated by the alleged frivolous conduct. R.C. 2323.51 (B)(5). Before imposing sanctions for frivolous conduct pursuant to R.C. 2323.51, the court must first conduct an evidentiary hearing. Belfiore v. Natl. Engineering 
Contracting Co. (1991), 71 Ohio App.3d 142, 145. A claim for attorney fees for frivolous conduct is collateral to and independent of the primary action. Painter v. Midland Steel Products Company (1989), 65 Ohio App.3d 273, 280. The issue involves an entirely different question, and a hearing is therefore necessary to receive evidence of the amounts involved and possible mitigating factors. Id. The party against whom the charge of frivolous conduct is levied must be afforded an opportunity to present evidence demonstrating that the party's conduct was not frivolous. Toth v. Toth (1994), 94 Ohio App.3d 561,570. The court may not merely rely on findings that the claims raised were not supported by the evidence, were generally incorrect, and were spurious. Id. Appellant filed a praecipe with the court reporter requesting a transcript of all hearings conducted in the instant matter, particularly the July 26, 1999 hearing. The July 26, 1999 hearing was the hearing concerning the issue of frivolous conduct and attorney fees. The only transcript of proceedings filed in response to this praecipe is a transcript of a hearing conducted on January 14, 1998. Appellant has not taken steps to construct a statement of the proceedings based on the unavailability of the transcript pursuant to App.R. 9 (C). When portions of the transcript necessary to resolve issues are not part of the record, the court of appeals must presume regularity in the proceedings below, and affirm. Knapp v. Edwards Laboratories (1980) 61 Ohio St.2d 197. However, in the instant case, it is apparent from the judgment of the court that the court did not conduct a proper evidentiary hearing focused solely on the issue of frivolous conduct as required by R.C. 2323.51. The court stated in its judgment: Mr. Molnar and Mr. Schilder agreed their positions, arguments and the evidence to be considered were limited to matters now in the record, of record and pleadings, all of which they maintained is subject to judicial notice from which the request the Court to make it's decision on the issue of 1) the 2109.50 penalty provision, and 2) the frivolous conduct of Thomas Endslow and John Leibold.
Judgment Entry 10/18/99 It is apparent from this statement and the court's discussion of the individual motions that the court based its decision on its prior rulings in the case, and its recollection of prior hearings in the case, rather than on evidence taken at an evidentiary hearing contemplated by the statute. Further, the court did not make a finding based on evidence that the estate was adversely affected by any frivolous conduct, and that attorney fees were reasonably and necessary incurred as a result of such frivolous conduct. The court states in its October 18 judgment: The Court has identified from the attorney fee applications of Joseph Schilder and Kenneth Molnar the services that they performed that were necessary and reasonable in response to the frivolous conduct of Thomas Endslow and John Leibold identified above, considered the Court's knowledge of the hearings, litigation and actions of counsel. The Court has attached the attorney fee applications of Mr. Molnar and Mr. Schilder and underlined in red the services and fees known to the Court to have been required solely because of the frivolous conduct of Thomas Endslow and John Leibold.
These fee applications did not have evidentiary status, and many of the underlined items were incurred for services rendered prior to appellant's June 29, 1998, entry into the case. The court could not conclude there was a nexus between appellant's conduct and fees incurred before he ever entered an appearance in the case. The first and third assignment of error are sustained.
 II
Appellant argues that the court erred in sua sponte raising the issue of frivolous conduct. This assignment of error is without merit. R.C. 2323.51 (B)(2) provides that the court may make an award for frivolous conduct following a motion or on its own initiative. The second assignment of error is overruled. We next address the assignments of error raised by cross-appellant Thomas Endslow.
 I
Cross-appellant first argues that the court erred in overruling his request to stay all proceedings at the July 26, 1999 hearing, as the probate court was divested of jurisdiction by the notice of appeal filed July 15, 1999. This court found that the July 15, 1999 appeal was not an appeal taken from a final appealable order, and this court therefore lacked jurisdiction over such appeal. In Re: Estate of Mary Opal Endslow (April 12, 2000), Delaware Appellate No. 99-37, unreported. As this court did not have jurisdiction over the appeal, jurisdiction remained in the trial court, and the court did not err in overruling the motion to stay. The first assignment of error is overruled.
 II
Cross-appellant argues that the court erred in ordering him to pay the estate a penalty for concealing assets. For the reasons stated in Case No. 99-37, cited above, this finding is not a final appealable order. The second assignment of error is overruled.
 III
Cross-appellant essentially re-states the arguments of appellant concerning the judgment finding frivolous conduct and levying a penalty for such conduct. For the reasons stated in I and III, concerning the appeal of John Leibold, the third assignment of error is sustained. The October 18, 1999 judgment of the Delaware County Common Pleas Court, Probate Division, finding appellant John Leibold and cross-appellant Thomas Endslow liable for attorney fees in the amount of $9678.50 is reversed. This cause is remanded to that court with instructions to conduct an evidentiary hearing. Costs to appellee on the appeal. Costs are to be split between cross-appellant and appellee on the cross-appeal.
By Gwin, P.J., Hoffman, J., and Reader, V. J., concur