Ronald J. SIEMIENTKOWSKI; Sara L. Siemientkowski, Plaintiffs–Appellants,

v.

MORELAND HOMES, INC.; Monica A. Dettore; Frank Dettore; Tony Horvath; Firstmerit Bank, NA; Lawyers Title Insurance Corporation; Modern

Poured Walls, Inc.; Esser Plumbing; Zunich and Associates; Don's Refrigeration and Armaro Heating & Cooling, Inc.; City of North Ridgeville; Deanna L. Hill; Guy Fursdon; Stewart P. Lovee; Eric Zagrans; Lorain County Health Department; U.S. Environmental Protection Agency; Ohio Environmental Protection Agency; State of Ohio Health Department; Ohio Farmers Insurance Company; City of Avon Lake; Fritzky Residential Appraisals, L.L.C.; Unknown Defendants; Third Federal Savings & Loan Association of Cleveland, Defendants–Appellees.

No. 01–3644.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2002.

Before MARTIN, Chief Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.*

Ronald J. and Sara L. Siemientkowski appeal a district court judgment that dismissed their civil action in which they alleged that a home they contracted to build was not habitable. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiffs filed a lengthy complaint in the district court, alleging that they experienced numerous problems during the construction of a home in North Ridgeville, Ohio, and that the home is not habitable because of environmental hazards. Several of the defendants moved to dismiss the complaint for failure to state a

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

claim upon which relief can be granted, and plaintiffs responded in opposition. In addition, the United States moved to dismiss the complaint for lack of subject matter jurisdiction. The district court granted defendants' motions and dismissed the complaint sua sponte with respect to the remaining claims as well. Plaintiffs filed a timely notice of appeal.

On appeal, plaintiffs contend that: (1) their claims for injunctive relief against the state defendants are not precluded under the Eleventh Amendment; (2) the district court improperly dismissed their complaint with respect to defendant Zunich & Associates based upon the scant number of times they mentioned this defendant in their lengthy complaint; (3) the district court improperly dismissed their claims against the United States Environmental Protection Agency for lack of subject matter jurisdiction; and (4) the district court improperly dismissed their claims sua sponte with respect to other defendants. Defendants essentially respond that the district court's judgment was proper. Upon de novo review, *see Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993); *Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990), we affirm the judgment for the reasons stated by the district court in its memorandum opinion issued May 14, 2001.

First, the district court properly dismissed plaintiffs' complaint with respect to the defendant state agencies because they enjoy immunity under the Eleventh Amendment from suit for damages and injunctive relief. *See generally Welch v. Texas Dep't of Highways & Public Transp.*, 483 U.S. 468, 472–73, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993). The district court properly dismissed plaintiffs' complaint with respect to defen-

dant Zunich & Associates because plaintiffs' unsupported and conclusory allegations do not state a claim upon which relief can be granted. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). The district court properly dismissed plaintiffs' claims against the United States Environmental Protection Agency for lack of subject matter jurisdiction because they did not exhaust administrative remedies required before the can sue a federal agency under the Federal Tort Claims Act, *see* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), or give the agency a proper notice of intent to sue required under environmental statutes. *See Greene v. Reilly*, 956 F.2d 593, 594 (6th Cir.1992).

Finally, the district court properly dismissed plaintiffs' remaining claims sua sponte. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). Even liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiffs' complaint does not contain allegations that reasonably suggest a valid federal claim against the remaining private defendants, and diversity of citizenship jurisdiction does not appear to exist because plaintiffs and defendants are citizens of Michigan. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Under these circumstances, the district court properly dismissed plaintiffs' remaining claims sua sponte for lack of any jurisdictional basis.

For the foregoing reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.