JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Ronald Siemientkowski, et al. ("appellants") appeal pro se the judgment of the trial court awarding defendant-appellee Ohio Farmers Insurance Company ("OFIC") attorney fees in the amount of $29,455.74 as sanctions for frivolous conduct. For the reasons set forth below, we affirm.
 {¶ 2} In May, 2002, appellants filed a civil action against Moreland Homes, OFIC and some thirty other defendants, alleging 28 causes of actions, including fraud, negligence, civil conspiracy, toxic assault, intentional infliction of emotional distress, and breach of contract and warranty, all arising out of defects in the construction and title of their newly-constructed home in North Ridgeville, Ohio. The basis of the 92-page complaint according to appellants was, in essence, a leach bed encroached on their property causing physical and emotional harm to them and rendering their home uninhabitable. Appellants alleged that defendants, including public and private entities, public officials and individuals, acted in a civil conspiracy to purposely withhold material information regarding the encroaching leach bed, causing them physical and emotional injury and injury to their property.
 {¶ 3} Prior to instituting the instant action, appellants filed a similar lawsuit in federal court, in which OFIC was named as a defendant, which was dismissed sua sponte. A federal appeals court affirmed that dismissal in Siemientkowski v. Moreland Homes, Inc.
(2002), 25 Fed. App. 415.
 {¶ 4} OFIC's role in appellants' new home construction and purchase was limited. In 1999, OFIC, a surety, issued a finished grading bond to defendant Moreland Homes, Inc. and defendant All Purpose Construction, Inc. as principals, and in favor of the City of North Ridgeville. The bond provided a guarantee to the City of North Ridgeville that the finished grading for the various locations would be completed in accordance with the requirements of the City. It also provided that upon completion, the obligation to the City became null and void, and, in no event could any claim made under the bond exceed $1,000 per location. The record reveals that the City of North Ridgeville approved the final grading in writing, thereby releasing OFIC of any duty with respect to the instant property.
 {¶ 5} On May 25, 2000, well before the instant action was filed, appellants contacted OFIC regarding the final grade of their property. OFIC responded with the terms of the bond, explaining to appellants they had been released by the City of North Ridgeville upon its final inspection of the property. OFIC also sent appellants a copy of the final inspection. Shortly thereafter, OFIC received from appellants a "certified notification of new house problems." OFIC forwarded a letter to appellants responding and reasserting the previous denial of a bond claim. OFIC did not hear from appellants again until the lawsuit was filed in 2002.
 {¶ 6} In July, 2003, OFIC filed a motion for summary judgment, which was eventually granted in December, 2003. On February 13, 2004, OFIC filed its motion for attorney fees as a sanction for frivolous conduct pursuant to R.C. 2323.51. Following a hearing on the matter, the trial court granted OFIC's motion, awarding $29,455.74 in attorney fees. It is from this ruling that appellants now appeal, asserting eight assignments of error, which we address together and out of order where appropriate.
 {¶ 7} "I. The trial court abused its discretion and committed reversible error in granting Ohio Farmers Insurance Company's Motion for Attorney Fees as sanctions for frivolous conduct absent any proof of frivolous conduct by the plaintiffs.
 {¶ 8} "II. The trial court abused its discretion and committed reversible error in ordering plaintiffs to pay sanctions in the amount of $29,455.74 absent any findings in the record and/or any actual proof presented at the May 3, 2004 hearing that the plaintiffs acted frivolously as defined by 2323.51 and/or willfully or in bad faith as required by Ohio Civil Rule 11.
 {¶ 9} "VII. The trial court abused its discretion in awarding Ohio Farmers Insurance Company, attorney fees presented by Ohio Farmers including excessive, unreasonable and abusive fees as sanctions that Ohio Farmers and their attorney elected to incur through their own improper conduct. Ohio Farmers went far beyond logic not to mitigate their losses."
 {¶ 10} In assignments of error one, two, and seven, appellants maintain, in essence, the trial court erred in granting OFIC's motion for attorney fees as sanctions for frivolous conduct absent any evidence of frivolous conduct. They further maintain OFIC failed to mitigate its damages, and as a result, the amount of attorney fees is unreasonable.
 {¶ 11} R.C. 2323.51 governs the award of attorney fees and costs for frivolous conduct. "Frivolous conduct" includes conduct that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii).
 {¶ 12} We note initially that a trial court's decision to impose sanctions will not be reversed absent an abuse of discretion. Toth v.Toth (1994), 94 Ohio App.3d 561, 565. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} R.C. 2323.51 provides that "the trial court may award attorney fees only after conducting a hearing that allows the parties to present evidence in support [of] or opposition to such award." Shaffer v. Mease
(1991), 66 Ohio App.3d 400, 409, citing Dreger v. Bundas (Nov. 15, 1990), Cuyahoga App. No. 57389. The hearing is required so that the trial court can make a determination of whether there existed frivolous conduct and whether the party bringing the motion was adversely affected by such conduct. Id. See also Pisani v. Pisani (1995), 101 Ohio App.3d 83,654 N.E.2d 1355.
 {¶ 14} In this case, John Lind, counsel for OFIC, testified at the hearing regarding the lack of legal basis for any of the claims asserted against OFIC. Lind asserted appellants knew they had no claim against OFIC based on the extensive discovery process they had conducted in preparation for the federal lawsuit. Moreover, he had previously notified appellants in clear terms that OFIC had been released from the surety bond it had issued. Lind had issued a second notice to appellants in this regard before OFIC was included in the lawsuit two years later. Lind maintained appellants knew they lacked standing to assert a claim against it under the terms of the bond it had with Moreland Homes and the City of North Ridgeville, its obligee, and further asserted OFIC was joined so that appellants might successfully coerce a nuisance settlement.
 {¶ 15} Appellants alleged in their complaint against OFIC, inter alia, fraud, civil conspiracy, and breach of contract. However, the evidence in this case demonstrates OFIC issued a finished grading bond to Moreland Homes and All Purpose Construction. The bond provided a guarantee to the City of North Ridgeville that the finished grading for the various locations would be completed in accordance with the requirements of the City. It also provided that, upon completion, the obligation to the City became null and void. The City of North Ridgeville approved the final grading in writing and, as a result, OFIC was released of any duty with respect to the appellants' property.
 {¶ 16} Regarding appellants' blanket assertion that OFIC engaged in civil conspiracy, we note that the elements of civil conspiracy in Ohio are: (1) a malicious combination, (2) two or more persons, (3) injury to person or property, and (4) existence of an unlawful act independent from the actual conspiracy. Conspiracy cannot be made the subject of a civil action unless something is done which, in the absence of the conspiracy allegation, would give rise to a cause of action. The unlawful act itself must be accomplished or completed before an action in civil conspiracy will lie. [Internal citations omitted.] Seminatore v. Dukes, Cuyahoga App. No. 84032, 2004-Ohio-6417.
 {¶ 17} As appellants were aware, there was no evidence in this case of any underlying unlawful act which could give rise to the claim of civil conspiracy. The City of North Ridgeville submitted a final approval of the lot grading; it therefore cannot be said that the grading was "unlawful." As stated, supra, once the grading was approved, OFIC was then released from any duty regarding appellants' property.
 {¶ 18} Furthermore, appellants failed to offer any evidence which would support a finding that their actions were indeed warranted under existing law; nor did they offer evidence that would support a good faith argument for an extension, modification or reversal of existing law. At the hearing, appellants argued the merits of the summary judgment claim, wholly ignoring the wellestablished law underlying their claim. Appellants did not present any probative evidence regarding why their claims for fraud, conspiracy and breach of contract might be considered proper. Instead, appellants argued that the grading was defective and should not have been approved, but failed to validate the claim against OFIC, rather than the City of North Ridgeville. Based on the evidence before the trial court, we find the trial court did not abuse its discretion in finding appellants acted frivolously in making a claim against OFIC.
 {¶ 19} Lind also offered evidence regarding the amount of attorney fees he incurred in defending the action against OFIC. Lind testified that he charged the industry standard of $150 per hour for his work with surety companies like OFIC. He detailed the amount of hours he spent defending the suit, including the time spent reading the 92-page complaint, responding to and reading the voluminous motions filed, and meeting with and planning defense strategy with his client. Lind presented the case file as evidence to support the amount of time it took to review the file.
 {¶ 20} Appellants argue that Lind is responsible for his attorney fees because he acted improperly by not mitigating his damages and settling the lawsuit for $4,000 rather than litigating the case, incurring some $29,000 in legal fees. However, Lind testified that he offered the settlement to his clients, who refused to settle a lawsuit in which they were accused of, among other things, fraud and conspiracy. Instead, OFIC determined preserving its reputation and refuting the charges was their priority. Moreover, the record reveals that Lind's fees were a necessary part of effectively defending the suit against OFIC.
 {¶ 21} We cannot say the trial court's award of attorney fees in favor of Lind constituted an abuse of discretion. We therefore overrule appellants' first, second and seventh assignments of error.
 {¶ 22} "III. The trial court abused its discretion in denying the plaintiffs due process of law in not allowing plaintiffs to present relevant evidence and to present and cross-examine witnesses in order to prove that plaintiffs' conduct was not frivolous as alleged by Ohio Farmers on May 3, 2004 at the 2323.51 hearing on Ohio Farmers Insurance Company's motion to impose sanctions for frivolous conduct.
 {¶ 23} "IV. The trial court committed reversible error and abused its discretion by refusing to entertain any relevant evidence plaintiffs planned on presenting in their defense to the unsupported allegations of frivolous conduct brought by Ohio Farmers."
 {¶ 24} Appellants assert in their third and fourth assignments of error they were denied due process of law as a result of the trial court's failure to allow them to present relevant evidence and cross-examine witnesses to prove they did not act frivolously in asserting a claim against OFIC.
 {¶ 25} We note, however, that appellants failed to object to any alleged error and have therefore, waived all but plain error.[1] Statev. Hartman, 93 Ohio St.3d 274, 281, 2001-Ohio-1580; State v. Allen,73 Ohio St.3d 626, 634, 1995-Ohio-283. Appellants also failed to proffer the excluded testimony for the record. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. We decline to find plain error in this case.
 {¶ 26} R.C. 2323.51 provides that a trial court must hold a hearing prior to imposing attorney fees as sanctions for frivolous conduct. At the hearing, the trial court shall allow the parties and counsel of record involved to present any relevant evidence at the hearing. R.C. 2323.51
(c).
 {¶ 27} Appellants claim the trial court's exclusion of their witnesses amounted to a denial of an opportunity to be heard and to present and cross-examine witnesses, which amounted to a denial of due process of law, citing this court's decision in Toth v. Toth (1994),94 Ohio App.3d 561. We disagree.
 {¶ 28} In Toth, supra, this court determined that the party against whom the charge of frivolous conduct is levied must be afforded an opportunity to present evidence demonstrating that the party's conduct was not frivolous. Id. The denial of such opportunity amounts to a denial of due process. Id.
 {¶ 29} In the instant case, the trial court did not allow appellants to call Mr. Lovece of the City of North Ridgeville. When asked by the court why they wanted Mr. Lovece to testify, appellants responded "so he could give testimony as to the reason why he approved a grade that did not meet the Ohio Builder's Official Association Codes, which is a misdemeanor here in the State of Ohio." (T. 4). Appellants also wanted to introduce testimony of Mr. Hoy, who would "prove the flow of water and pooling around the foundation that is damaging to the foundation of the property * * *." (T. 6). The testimony of these witnesses was wholly irrelevant to the issue of frivolous conduct. Instead, appellants sought to prove the approval process of the grading of their home was improper. Appellants never sought to introduce any evidence that OFIC was properly joined in the suit; for instance, that appellants were in privity with OFIC by virtue of its contract with North Ridgeville or that OFIC ever owed a duty to them. Appellants never attempted to introduce any relevant evidence to rebut the frivolous conduct claim; instead, appellants used the hearing to yet again argue that their property was improperly graded.
 {¶ 30} Because appellants sought to introduce irrelevant testimony, we decline to find plain error in the trial court's decision to disallow it.
 {¶ 31} "V. The trial court abused its discretion and committed reversible error in allowing Ohio Farmers to present, without prior disclosures and for the first time, a 17-page list of attorney fees and other papers, at the 2323.51 hearing placing the plaintiffs at an enormous disadvantage.
 {¶ 32} "VI. The trial court abused its discretion and committed reversible error in ordering plaintiffs to pay sanctions in the amount of $29,455.74 without allowing the plaintiffs the opportunity to review the fees and argue against the unreasonableness of those fees."
 {¶ 33} In their fifth and sixth assignments of error, appellants claim they were prejudiced by not having an opportunity to review OFIC's list of attorney fees.
 {¶ 34} We note, however, that appellants failed to raise this issue before the trial court and have thus waived the issue on appeal. It is axiomatic that a party cannot raise new issues for the first time on appeal. Mark v. Mellott Mfg. Co., Inc. (1995), 106 Ohio App.3d 571,666 N.E.2d 631, citing Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220, 574 N.E.2d 457. "An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."State v. Away (1986), 22 Ohio St. 3d 120, 122, quoting State v. Childs
(1968), 14 Ohio St.2d 56, paragraph three of the syllabus.
 {¶ 35} If appellants believe, as they assert on appeal, they were at an "enormous disadvantage" because they did not have enough time to review the documentation in support of attorney fees, it was incumbent upon them to request additional time to review OFIC's list of charges. Appellants did not object to the introduction of supporting documentation, nor did they request additional time to review it. Interestingly, however, in support of this assignment of error, appellants nakedly assert on appeal that the attorney fees presented by OFIC's counsel were unreasonable and arbitrary. Appellants claim many charges are "questionable and even bogus," however, they wholly fail to specifically challenge any one charge by OFIC's counsel. We find no merit to appellants' fifth and sixth assignments of error.
 {¶ 36} "VIII. The trial court exhibited extreme prejudice and abuse of discretion by stating, `it occurred in another jurisdiction over which this court has no jurisdiction.' Furthermore, the trial court entertained ex parte communications between itself and the attorneys for the defendants without the participation of the Siemientkowskis."
 {¶ 37} In their eighth and final assignment of error, appellants seemingly assert the trial judge was extremely biased in presiding over the case because the instant case was returned to her court after she sua sponte transferred it to Lorain County. Appellants concede, however, they filed an Affidavit of Prejudice with the Ohio Supreme Court. In September, 2003, the Ohio Supreme Court reviewed the affidavit and denied it, stating:
 {¶ 38} "In support of their claim of bias and prejudice, affiants reference legal and procedural rulings made by Judge Gallagher. Disagreement or dissatisfaction with a judge's rulings is not grounds for disqualification. In re Disqualification of Murphy (1988),36 Ohio St.3d 605."
 {¶ 39} We decline to address this issue which has been settled by the Ohio Supreme Court.
 {¶ 40} Lastly, appellants allege OFIC's counsel improperly communicated ex parte with the Ohio Supreme Court. However, the record reveals in the list of billable hours submitted by OFIC's counsel in support of attorney fees, that counsel called the Ohio Supreme Court regarding the status of a ruling. We find no merit to appellants' assignment of error.
Judgment affirmed.
It is ordered that appellees recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., Concurs. Gallagher, J., Concurs in Judgment only.
[1] Appellants, as pro se litigants, are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants." Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363.