DECISION
{¶ 1} Plaintiff-appellant, Rayshan Watley, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees Linda Coval, Ralph Merot, Corrections Officer Sporks, Troy Howard, Carl Distel, Corrections Officer Taylor, Mark Wynn, Dave Newsome, Corrections Officer Buckner, and Corrections Officer Atkins, and further entering a general order restricting plaintiff's ability to file in forma pauperis actions in the common pleas court.
 {¶ 2} On January 2, 2003, plaintiff filed a complaint against defendants, alleging a violation of the recreation policy of the Southern Ohio Correctional Facility ("SOCF") where plaintiff is incarcerated. On the same day, plaintiff filed an affidavit stating that "under the penalty of perjury * * * [plaintiff] cannot pay for this civil action." In what appears to be an attempt to comply with R.C. 2969.25, plaintiff also filed a cashier's statement from Lucasville Correctional Institution indicating a balance of 20 cents in plaintiff's account at SOCF as of December 11, 2002.
 {¶ 3} On January 29, 2003, defendants responded with a motion to dismiss pursuant to R.C. 2969.25(A) and (C). Defendants further requested a general order "barring Plaintiff from filing actions in forma pauperis unless such filings comply in all respects with R.C. 2969.25 and the Civil Rules." After the parties had fully briefed the motion, including plaintiff's submission of a list of cases that he previously had filed, the court, on June 27, 2003, filed a decision and entry granting defendants' motion to dismiss, as well as defendants' motion for a general order. Plaintiff appeals, assigning the following errors:
First Assignment of Error:
The trial court errored [sic] in dismissing plaintiff's complaint for allegedly not meeting the requirements of R.C.2969.25(A).
Second Assignment of Error:
The trial court errored [sic] in not send[ing] plaintiff a copy of the order granting defendants' motion to dismiss.
Third Assignment of Error:
The court errored [sic] in granting defendants' general order.
 {¶ 4} Plaintiff's first assignment of error asserts the trial court erred in dismissing plaintiff's complaint for failure to comply with the provisions of R.C. 2969.25(A) and (C). According to R.C. 2969.25(A), when "an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains the description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The statute further specifies that the affidavit include: (1) a description of the nature of the action, (2) the case name, case number, and court in which it was brought, (3) the name of each party to the action, and (4) the outcome of the action, including whether the court dismissed the action as frivolous or malicious and whether the court awarded damages under R.C. 2323.51 or comparable provision. Id. Moreover, pursuant to R.C. 2969.25(C), an inmate who files a civil action must provide an affidavit that includes a statement setting forth the balance in the inmate's account for each of the preceding six months, as well as a statement that "sets forth all other cash and things of value owned by the inmate at that time."
 {¶ 5} Here, plaintiff submitted with his complaint a cashier's statement reflecting the balance at the end of the six-month period terminating on December 11, 2002; the statement, however, does not reflect the balance for each of the preceding six months as required under R.C. 2969.25(C)(1). Moreover, the affidavit plaintiff submitted with his complaint states only that he cannot pay for the civil action; it does not address "all other cash and things of value owned by the inmate." Accordingly, plaintiff failed to comply with the requirements of R.C.2969.25(C).
 {¶ 6} Further, plaintiff's list of cases fails to meet the requirements of R.C. 2969.25(A), as it fails to reflect, as to each case, the four requirements set forth in R.C. 2969.25(A)(1) through (4). For example, although plaintiff's list of cases provides, in most instances, the name of the case, the case number, the court in which it was filed, and the status, in no instance did plaintiff provide a brief description of the nature of the civil action or appeal.
 {¶ 7} As a result, the trial court properly concluded plaintiff had failed to meet the requirements of R.C. 2969.25. Because the requirements of R.C. 2969.25 are mandatory, the trial court properly dismissed plaintiff's complaint for failure to comply with the requirements of that section. State ex rel.White v. Mack (2001), 93 Ohio St.3d 572, 573; State ex rel.Akbar-El v. Cuyahoga Cty. Court of Common Pleas (2002),94 Ohio St.3d 210. Plaintiff's first assignment of error is overruled.
 {¶ 8} Plaintiff's second assignment of error asserts the trial court failed to serve plaintiff with a copy of the decision and entry granting defendants' motions to dismiss and for a general order.
 {¶ 9} Plaintiff correctly notes that the trial court's order was not served on him. Even though the court's "Decision and Entry" reflects a copy to plaintiff at SOCF, the envelope addressed to plaintiff, purporting to serve him, states "none given" for plaintiff's address. The postal service returned the envelope for lack of a proper address. Because the trial court failed to properly serve plaintiff with its decision and entry, the time for plaintiff's appeal did not begin to run until he was notified of the judgment. See Civ.R. 58; App.R. 4(A) (stating that the required notice of appeal must be filed "within thirty days of the later of entry of the judgment or order appealed or * * * service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58[B] of the Ohio Rules of Civil Procedure"). Because this record does not disclose that plaintiff was notified, we cannot conclude that plaintiff's notice of appeal was filed untimely. As a result, defendants' contention that the appeal must be dismissed for failure to comply with the requirements of App.R. 4(A) is unpersuasive. Plaintiff's second assignment of error is sustained to the extent indicated.
 {¶ 10} Plaintiff's third assignment of error asserts the trial court erred in restricting his ability to file in pauperis complaints. Patterned after an order a different branch of the trial court entered against Bo Guess, the trial court's order here instructs the clerk of court "to refuse any further informa pauperis filings from Plaintiff unless such filings are accompanied by (1) a certification from a member of the Ohio Bar that he has read the complaint and that it complies with the Civil Rules, and (2) a certification that the pleading complies with R.C. 2969.25(A) and (C)." (Decision and Entry, 6.) See, also, In re Guess (1996), 75 Ohio St.3d 1515 (ordering that the clerk not accept for filing any additional original actions from Bo Guess unless those pleadings are accompanied by a docket fee and security deposit as required under the Supreme Court Rules of Practice).
 {¶ 11} In responding to the assertions in defendants' motion and memorandum regarding plaintiff's alleged abuse of the judicial system, plaintiff distinguished his situation from the abuses that resulted in the orders against Bo Guess. Specifically, plaintiff pointed out that: (1) he had not had any cases dismissed by the Franklin County Court of Common Pleas for failure to comply with R.C. 2969.25, (2) he was not attacking the validity of R.C. 2969.25, but instead requesting an opportunity to amend his complaint to comply with it, (3) he was not filing frivolous claims, (4) he was not bringing the same claim against the same individuals, (5) he could prove the allegations of his claim, (6) he is not an abusive litigator, and (7) defendants produced no evidence from court records that plaintiff abused the judicial system with frivolous suits "because Whatley has not done that." (February 3, 2003 Memorandum, 6.)
 {¶ 12} As was true of its motion and memorandum seeking the general order against plaintiff, defendants' response to plaintiff's memorandum attached nothing to support their contentions that plaintiff had abused the judicial system. To the contrary, the only list of cases plaintiff supplied in connection with his complaint demonstrates that only two of the cases indicate they were filed in Franklin County, and according to the list of cases, both remain pending.
 {¶ 13} In the final analysis, the record lacks evidence to support the trial court's conclusion that plaintiff is abusive in his filings in the Franklin County Common Pleas Court. Accordingly, we sustain plaintiff's third assignment of error.
 {¶ 14} Having overruled plaintiff's first assignment of error, but having sustained his second and third assignments of error to the extent indicated, we conclude the trial court properly dismissed plaintiff's complaint for failure to comply with the requirements of R.C. 2969.25(A) and (C). Nonetheless, the trial court erred in attempting to restrict, on this record, plaintiff's ability to file in forma pauperis actions in the Franklin County Common Pleas Court. Accordingly, we affirm the judgment of the trial court in part and reverse in part.
Judgment affirmed in part and reversed in part.
Petree and Klatt, JJ., concur.