DECISION
{¶ 1} Relator, Craig Morris, an inmate of Noble Correctional Institution, seeks a writ of mandamus against respondent, Franklin County Court of Common Pleas. For the following reasons, we deny relator's request for a writ of mandamus.
 {¶ 2} Relator's complaint in mandamus was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, which included findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate concluded that relator failed to meet mandatory filing requirements set forth in R.C. 2969.25(A) and (C). Accordingly, the magistrate recommended sua sponte dismissal of relator's action.
 {¶ 3} Relator objects to the magistrate's decision and also seeks leave to supplement his original filing. In his objections, relator contends that, as a pro se litigant, he should be afforded leeway for any procedural lapses. The matter is now before the court for independent review. See, generally, Civ.R. 53(E)(4)(b).
 {¶ 4} "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouriv. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651, 654; see, also, Siemientkowski v. Moreland Homes, Inc., Cuyahoga App. No. 84758, 2005-Ohio-515, at ¶ 25, fn. 1, appeal not allowed,106 Ohio St.3d 1416, 2005-Ohio-3154; Blood v. Nofzinger,162 Ohio App.3d 545, 2005-Ohio-3859, at ¶ 1, fn. 1.
 {¶ 5} Here, relator failed to comply with R.C. 2969.25(A), which requires an inmate to file an affidavit listing each civil action or appeal that an inmate has filed in the past five years when an inmate commences a civil action or appeal of a civil action against a governmental entity or employee. Relator also failed to comply with R.C.2969.25(C), which requires an inmate who files a civil action or appeal against a governmental entity or employee and who seeks waiver of the prepayment of a court's full filing fees to file an affidavit of indigence that contains: (1) a statement of an inmate's account for the preceding six months as certified by the institutional cashier, and (2) a statement setting forth all other cash and things of value that are owned by the inmate.
 {¶ 6} Compliance with R.C. 2969.25 is mandatory and failure to comply subjects an inmate's action to dismissal. State ex rel. Graham v. FindlayMun. Court, 106 Ohio St.3d 63, 2005-Ohio-3671, at ¶ 6; State ex rel.Norris v. Giavasis, 100 Ohio St.3d 371, 2003-Ohio-6609, at ¶ 4, reconsideration denied (2004), 101 Ohio St.3d 1471, 2004-Ohio-819; Stateex rel. White v. Bechtel, 99 Ohio St.3d 11, 2003-Ohio-2262, at ¶ 5.
 {¶ 7} Therefore, notwithstanding relator's objections to the contrary, we find the magistrate discerned the pertinent facts and properly applied the relevant law to those facts. For the foregoing reasons, we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law.
 {¶ 8} Accordingly, having adopted the magistrate's decision as our own, we overrule relator's objections to the magistrate's decision and deny relator's motion for leave to supplement his original filing. In accordance with the magistrate's decision, we sua sponte dismiss relator's request for a writ of mandamus.
Objections overruled; motion denied; case dismissed.
Brown, P.J., and Sadler, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Craig Morris, :
 Relator, :
v. : No. 05AP-596
Franklin County [Court of] Common Pleas, : (REGULAR CALENDAR)
 Respondent. :
 MAGISTRATE'S DECISION Rendered on June 28, 2005 Craig Morris, pro se.
Ron O'Brien, Prosecuting Attorney, for respondent.
 IN MANDAMUS ON SUA SPONTE DISMISSAL {¶ 9} In this original action, relator, Craig Morris, an inmate of the Noble Correctional Institution ("NCI"), requests that a writ of mandamus issue against respondent "Franklin County [Court of] Common Pleas."
Findings of Fact:
 {¶ 10} 1. On June 8, 2005, relator, an NCI inmate, filed this original action against a government entity or employee.
 {¶ 11} 2. Relator has not paid the filing fees for the filing of an original action in this court.
 {¶ 12} 3. With his complaint, relator filed a document captioned "Affidavit of Indigency." The affidavit was executed by relator on June 6, 2005.
 {¶ 13} 4. Relator has not filed a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C).
 {¶ 14} 5. Relator has not filed the affidavit required by R.C.2969.25(A) regarding any prior actions or appeals that he may have filed within the past five years.
Conclusions of Law:
 {¶ 15} It is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.
 {¶ 16} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a government entity or employee, an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal. R.C. 2969.25(A) states in part:
* * * The affidavit shall include all of the following for each of those civil actions or appeals:
(1) A brief description of the nature of the civil action or appeal;
(2) The case name, case number, and the court in which the civil action or appeal was brought;
(3) The name of each party to the civil action or appeal;
(4) The outcome of the civil action or appeal * * *.
 {¶ 17} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 18} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal.State ex rel. Washington v. Ohio Adult Parole Auth. (1999),87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 19} Relator's failure to comply with the mandatory requirements of R.C. 2969.25(A) and (C) is grounds for dismissal of the instant action.
 {¶ 20} Accordingly, because relator has failed to meet the mandatory filing requirements set forth at R.C. 2969.25(A) and (C), it is the magistrate's decision that this court sua sponte dismiss this action.