OPINION
{¶ 1} Plaintiff-appellant, Norman V. Whiteside ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting defendants-appellees, Ohio Adult Parole Authority, Gary Croft, and Melvin Morton ("appellees"), motions to dismiss for failure to comply with the requirements of R.C. 2969.25(C) and for failure to state a claim upon which relief can be granted. For the following reasons, we affirm.
 {¶ 2} The following facts are pertinent to this appeal. Appellant is an inmate in the custody of the Ohio Department of Rehabilitation and Correction and is incarcerated at the Madison Correctional Institution. On August 3, 2005, appellant filed a pro se action against the Ohio Adult Parole Authority seeking a declaratory judgment. Therein, he asserted two causes of action claiming that he was placed in an improper offense category at his parole hearing and that he had been improperly held past the parole guideline range, in contravention of the holdings inLayne v. Ohio Adult Parole Auth., 97 Ohio St.3d 456,2002-Ohio-6719, 780 N.E.2d 548, and Ankrom v. Hageman, 10th
Dist. No. 05AP-984, 2005-Ohio-1546.
 {¶ 3} Also, on August 3, 2005, two affidavits were filed. One affidavit listed all civil actions and appeals filed by appellant in the preceding five years pursuant to R.C. 2969.25(A). The other was an affidavit of indigency seeking waiver of prepayment of filing fees, which purported to comply with R.C. 2969.25(C). This affidavit did not include the balance in appellant's inmate account for each of the preceding six months. Although appellant indicated in his R.C. 2969.25(A) affidavit that his affidavit of indigency may not arrive at the same time as his complaint due to the internal mailing procedures of the Madison Correctional Institution, appellant did not indicate that he experienced any difficulty in having his affidavit of indigency completed by prison officials to include a statement of the balance of his inmate account for each of the previous six months.
 {¶ 4} Appellant subsequently amended his complaint twice to add parole officials Gary Croft and Melvin Morton as defendants, to add a third cause of action claiming that the parole officials denied appellant parole based on fraudulent reasons, and to amend his prayer for relief claiming that appellees violated U.S. v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, by improperly increasing his sentence.
 {¶ 5} On September 7, 2005, the Ohio Adult Parole Authority filed a motion to dismiss, pursuant to Civ. R. 12(B)(6). A substantially similar motion to dismiss was jointly filed by Gary Croft and Melvin Morton on September 14, 2005. The motions to dismiss asserted that the complaint failed to comply with R.C.2969.25(C), as the affidavit of indigency submitted with the complaint did not include a balance in the appellant's inmate account for each of the preceding six months as required by R.C.2969.25(C).
 {¶ 6} In his memorandum in opposition to the motions to dismiss, filed on September 22, 2005, appellant represented for the first time in his memorandum that he submitted to the prison cashier an affidavit of indigency that complied with R.C.2969.25(C), but the prison rejected his affidavit and required him to submit an affidavit from the prison library which did not comply with R.C. 2969.25(C). Appellant conceded that the August 3, 2005 affidavit of indigency did not include a balance in his inmate account for each of the preceding six months, but averred that he complied with R.C. 2969.25(C) to the extent permitted by prison officials.
 {¶ 7} On October 31, 2005, the trial court granted appellees' motions to dismiss. In its decision, the trial court determined that appellant failed to comply with R.C. 2969.25 and failed to provide a sufficient factual argument indicating why compliance was impossible. Additionally, the trial court dismissed the complaint finding that parole guidelines are not subject to declaratory judgment actions and finding that the complaint did not state a claim upon which relief can be granted under Layne,
supra, and Ankrom, supra.
 {¶ 8} On November 1, 2005, after the trial court granted appellees' motions to dismiss, appellant filed a motion for leave to supplement his R.C. 2969.25(C) affidavit and attached a new affidavit. In his revised affidavit, appellant included the balance of his inmate account for each of the preceding six months.
 {¶ 9} Appellant timely appealed, and asserted the following assignments of error:
ASSIGNMENT OF ERROR I
THE TRIAL COURT ERRED IN DISMISSING ACTION BASED UPON NON-COMPLIANCE OF R.C. § 2969.25[.]
ASSIGNMENT OF ERROR II
THE TRIAL COURT ERRED IN DISMISSING ACTION FOR FAILURE TO STATE A CLAIM IN DECLARATORY JUDGMENT ACTION[.]
ASSIGNMENT OF ERROR III
THE TRIAL COURT ERRED IN DISMISSING ACTION BEFORE CONSIDERING RELEVANT MOTIONS[.]
ASSIGNMENT OF ERROR IV
THE TRIAL COURT ERRED IN DISMISSING ACTION WITHOUT MAKING DECLARATION OF CONTRACT AND/OR PROMISSORY ESTOPPEL VIOLATIONS[.]
ASSIGNMENT OF ERROR V
THE TRIAL COURT ERRED IN DISMISSING ACTION WITHOUT ADDRESSINGBOOKER VIOLATIONS[.]
ASSIGNMENT OF ERROR VI
THE TRIAL COURT ERRED IN FAILING TO MAKE LAWFUL DECLARATION OFLAYNE AND ANKROM VIOLATIONS[.]
ASSIGNMENT OF ERROR VII
THE TRIAL COURT ERRED IN FAILING TO MAKE DECLARATION REGARDING FRAUD AND/OR FALSIFICATION[.]
 {¶ 10} We begin with appellant's first assignment of error. Therein, appellant contends that his complaint should not have been dismissed for failure to comply with R.C. 2969.25(C).
 {¶ 11} Our review of an order granting a motion to dismiss pursuant to Civ. R. 12(B)(6) is de novo. Perrysburg Twp. v.Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, at ¶ 5. The requirements for the affidavit of indigency are set forth in R.C. 2969.25(C), which states:
If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
(2) A statement that sets forth all other cash and things of value owned by the inmate at the time.
(Emphasis added.)
 {¶ 12} The requirements in R.C. 2969.25(C) are mandatory.State ex. rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242. Thus, dismissal of a complaint is proper when the requirements of R.C. 2969.25(C) are not met. Watley v. Coval,
10th Dist. No. 03AP-829, 2004-Ohio-1734, at ¶ 7; [State exrel.] Morris v. Franklin County [Court of] Common Pleas,
10th Dist. No. 05AP-596, 2005-Ohio-6306, at ¶ 6.
 {¶ 13} Appellant argues that he should be excused from the mandatory requirement of R.C. 2969.25(C), because the failure to file an affidavit of indigency with the complaint that complied with R.C. 2969.25(C) was not his fault. Without supporting his contention by affidavit, appellant asserts he initially prepared an affidavit of indigency for the prison cashier to complete which set forth the balance in his inmate account for each of the previous six months. Appellant asserts that the prison cashier refused to complete the affidavit submitted to the cashier by appellant, thus he submitted the August 3, 2005 affidavit of indigency, which did not include a statement of the balance of his inmate account for the previous six months.
 {¶ 14} Appellant avers that the trial court erred in granting the motion to dismiss based on failure to comply with R.C.2969.25(C), because the trial court was aware that the prison cashier refused to complete the affidavit submitted by appellant as he brought the issue of the affidavit to the attention of trial court in his memorandum in opposition to appellees' motions to dismiss and other pleadings filed with the trial court. Appellant contends that after receiving a copy of appellees' motions to dismiss, he requested that the prison cashier complete an affidavit listing the balance of his inmate account for each of the previous six months, however, as the cashier was delayed in processing the form, it was not filed with the trial court until November 1, 2005.
 {¶ 15} In response, appellees acknowledge that appellant's August 3, 2005 affidavit of indigency complied with some of the mandatory requirements of R.C. 2969.25(C). However, appellees argue that the failure of appellant to include a statement of the balance of his inmate account for each of the previous six months is fatal to his complaint because R.C. 2969.25(C) requires strict compliance with the requirement that the affidavit include such a statement. Thus, appellees argue that the trial court did not err by dismissing appellant's complaint for failure to comply with R.C. 2969.25(C).
 {¶ 16} R.C. 2969.25(C) explicitly states that an inmate who seeks a waiver of prepayment of the filing fees must submit the affidavit of indigency with the complaint. Thus, the statute places the burden upon the inmate to file an affidavit of indigency in compliance with R.C. 2969.25(C) when the inmate files his complaint. When an inmate does not file an affidavit of indigency in compliance with the mandatory requirements of R.C.2969.25(C), dismissal is proper. Alford, supra, at 285;Watley, supra, at ¶ 7.
 {¶ 17} Here, appellant did not file an affidavit of indigency with his complaint that complied with R.C. 2969.25(C). As the affidavit filed by appellant on November 1, 2005 demonstrates, appellant was able to obtain an affidavit of indigency in compliance with R.C. 2969.25(C), but chose to file his complaint prior to obtaining an affidavit with the balance of his inmate account for each of the previous six months.
 {¶ 18} Although appellant informed the trial court of the difficulties submitting a complaint affidavit of indigency due to prison officials in his memorandum in opposition to appellees' motions to dismiss, appellant's claims were not supported by affidavits from either himself or prison officials. Nonetheless, appellant did not file an affidavit of indigency that complied with R.C. 2969.25(C) until November 1, 2005, after the trial court granted appellees' motions to dismiss on October 31, 2005. Even if appellant could subsequently file an affidavit of indigency in compliance with the statute, no proper affidavit of indigency was timely filed in this matter and was not before the trial court for consideration. When a court is not presented with an affidavit of indigency in compliance with R.C. 2969.25(C), the complaint must be dismissed. Therefore, we find that the trial court properly granted appellees' motions to dismiss.
 {¶ 19} Accordingly, appellant's first assignment of error is overruled.
 {¶ 20} Because appellant's complaint must be dismissed for failing to comply with R.C. 2969.25(C), appellant's second, third, fourth, fifth, sixth, and seventh assignments of error are rendered moot. Having overruled appellant's first assignment of error, rendering moot his remaining assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and French, JJ., concur.