[Cite as *State ex rel. Honzu v. Ohio Parole Bd.*, 2020-Ohio-3384.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Lewis Honzu, | : | |
| Relator, | : | |
| | : | No. 19AP-809 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Parole Board, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on June 18, 2020

**On brief:** *Lewis Honzu*, pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

SADLER, P.J.

{¶ 1}  Relator, Lewis Honzu, filed an original action requesting this court issue a writ of mandamus ordering respondent, Ohio Parole Board, to reconsider his eligibility for parole.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate determined that at the time relator filed his complaint, he failed to file a proper affidavit of indigence which included a certified copy of a cashier's statement as required by R.C. 2969.25(C).  As compliance with the provisions of R.C. 2969.25 is mandatory, the magistrate recommended this court sua sponte dismiss the complaint.

{¶ 3}  The magistrate's decision was filed on January 30, 2020.  Relator did not file an objection to the magistrate's decision, but he did file a motion for reconsideration within

14 days of the filing of the magistrate's decision.  Accordingly, we shall construe appellant's motion for reconsideration as an objection to the magistrate's decision.

{¶ 4}    In relator's objection, relator contends the incompetence of respondent's staff was the reason for his failure to file a cashier's statement with his complaint.  Relator's motion for reconsideration provides in relevant part as follows:

> [O]n November 21, 2019, he sent out his Complaint and Writ of Mandamus along with the Six Month State statement form to the Inmate Mailroom here at the Chillicothe Correctional Institution, who take the mailings and atach [sic] a six month statement to the outside of the mail.  The mail is then sent to Post Five, and from there they send a copy of the statement along with the Petition to the Court.

> Several days later Post Five sent back the Six Month statement saying there was no envelope to send the statement out. Relator then sent the statement back out with another envelope.  After this Relator decided to send a Amended Petition for a Complaint and Writ of Mandamus on January 21, 2020.  When Relator did this some days later Post Five this time sent back the Complaint with no explanation, but did send the Six Month Statement which was time stamped by the Tenth District Court of Appeals.  It is Relator's contention that he should not be punished for the incompetence of the prison system here at C.C.I.

 (Relator's Mot. for Recons. at 1-2.)

{¶ 5}    Though relator blames respondent for his failure to file the required cashier's statement along with his complaint, the factual assertions in relator's motion are not supported by an affidavit from relator or a prison official with knowledge.  *Whiteside v. Ohio Adult Parole Auth.*, 10th Dist. No. 05AP-1265, 2006-Ohio-3145, ¶ 18 ("Although appellant informed the trial court of the difficulties submitting a complaint affidavit of indigency due to prison officials in his memorandum in opposition to appellees' motions to dismiss, appellant's claims were not supported by affidavits from either himself or prison officials.").  Even if we were to accept relator's unsworn allegations, he admits that his failure to provide an envelope for the cashier's statement was the stated reason respondent did not submit a cashier's statement with relator's complaint.  Relator also acknowledges that respondent posted the cashier's statement after he provided respondent with an envelope.  Contrary to relator's claim, the unsworn allegations do not show that respondent prevented relator from submitting the required cashier's statement with the complaint.

{¶ 6}  R.C. 2969.25(C)(1) provides in relevant part:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file *with the complaint* * * * an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency.  The affidavit of waiver and the affidavit of indigency shall contain all of the following:

> A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

(Emphasis added.)

{¶ 7}  The Supreme Court of Ohio has held that an inmate's "belated attempt" to satisfy the affidavit requirement of R.C. 2969.25 by filing the required affidavit with an amended complaint "does not excuse his noncompliance."  *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9.  Accordingly, we agree with the magistrate's conclusion that "relator cannot cure this deficiency now or at a later date."  (Mag.'s Decision at ¶ 19.)  Moreover, the record shows that relator failed to obtain service of summons and complaint on respondent as evidenced by the notice of failure of service filed by the clerk on December 20, 2019.  The record also shows that relator failed to serve respondent with the amended complaint as evidenced by the clerk's notice filed March 2, 2020.  Respondent cannot be blamed for relator's failure to properly commence this action.  *See* Civ.R. 3(A).  Accordingly, relator's objection is overruled.

{¶ 8}  On review of the magistrate's decision, an independent review of the record, and due consideration of relator's objection, we find the magistrate has properly stated the pertinent facts and applied the appropriate law.  Therefore, we overrule relator's objection to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, relator's petition for writ of mandamus is sua sponte dismissed.

*Objection overruled*;
*case dismissed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Lewis Honzu, | : | |
| Relator, | : | |
| v. | : | No. 19AP-809 |
| Ohio Parole Board, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 30, 2020

*Lewis Honzu,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 9} Relator, Lewis Honzu, has filed this original action requesting this court issue a writ of mandamus ordering respondent, the Ohio Parole Board, to reconsider his eligibility for parole.

Findings of Fact:

{¶ 10} 1. Relator is an inmate currently incarcerated at Chillicothe Correctional Institution.

{¶ 11} 2. Relator filed this mandamus action on November 27, 2019.

{¶ 12} 3. At the time he filed this mandamus action, relator filed an affidavit of indigency; however, relator failed to attach a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 14} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 15} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 16} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

{¶ 17} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 18} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 19} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).