[Cite as *State ex rel. Johnson v. State*, 2022-Ohio-1253.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Brandon Johnson, | : | |
| Relator, | : | |
| v. | : | No. 21AP-390 |
| State of Ohio, | | (REGULAR CALENDAR) |
| Respondent.] | : | |

D E C I S I O N

Rendered on April 14, 2022

**On brief:** *Brandon Johnson,* pro se.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

MENTEL, J.

{¶ 1} Relator, Brandon Johnson, brought this original action seeking a writ of procedendo ordering respondent, a judge of the Franklin County Court of Common Pleas, to rule on a motion for jail-time credit pending in his criminal case. Relator's complaint alleges that "after nearly a year of delay," he reminded the judge of the pending motion during a June 22, 2021 hearing. (Aug. 5, 2021 Compl. at 3.) We take judicial notice of the fact that relator, represented by the Office of the Ohio Public Defender, filed the motion on July 31, 2020, as well as the fact that the trial court has yet to rule on the motion. "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' " *Woods Cove III, LLC v. Straight*, 10th Dist. No. 17AP-340, 2018-Ohio-2906, ¶ 22, quoting *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶ 20 (further citations omitted). *See also State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-

Ohio-4798, ¶ 10 (holding that in an appeal of an original action, it was "appropriate" to "take judicial notice" of a dismissal entry in another action by the court of appeals, although not in the record before it, to decide whether dismissal of the action "was warranted").

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we dismiss relator's complaint for a writ of procedendo because he failed to file an affidavit disclosing his litigation history pursuant to R.C. 2969.25(A), as well as an affidavit of indigency, as required by R.C. 2969.25(C). (Dec. 3, 2021 Mag.'s Decision, App'x at 5-6.)  The magistrate also provided notice to the relator of the opportunity under Ohio Civil Rule 53(D)(3) to object to the findings of fact and conclusions of law in the decision. *Id*. at 7.

{¶ 3}    Relator filed no objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed).

{¶ 4}    We note that relator did file an affidavit of indigency with some information about his indigent status.  (Aug. 5, 2021 Aff. of Indigency.)  However, the affidavit did not contain either "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier" or "[a] statement that sets forth all other cash and things of value owned by the inmate at that time." R.C. 2969.25(C).  Both disclosures are mandatory, as is the affidavit disclosing relator's litigation history under R.C. 2969.25(A).

{¶ 5}    For the foregoing reasons, we adopt the decision of the magistrate and dismiss the complaint for a writ of procedendo.

*Writ of procedendo dismissed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Brandon Johnson, | : | |
| Relator, | : | |
| v. | : | No. 21AP-390 |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 3, 2021

*Brandon Johnson,* pro se.

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

{¶ 6}   Relator, Brandon Johnson, seeks a writ of procedendo ordering the Franklin County Court of Common Pleas judge currently presiding over case No. 03CR-5039 to rule on relator's long-pending motion for jail-time credit in that case.

Findings of Fact:

{¶ 7}   1. Relator filed his complaint in procedendo with this court on August 5, 2021. The complaint avers that he invoked the trial court's continuing jurisdiction in his criminal case under R.C. 2929.19(B)(2)(g)(iii) and filed his motion for jail-time credit on July 31, 2020. The complaint further avers that the trial court has yet to rule on the motion.

{¶ 8}   2. Attached to relator's complaint is an affidavit of indigency indicating that he is currently incarcerated at Marion Correctional Institution.

{¶ 9} 3. Relator's complaint does not include an affidavit pursuant to R.C. 2969.25(A) listing his prior civil actions, if any, nor does it contain an affidavit under R.C. 2969.25(C) providing inmate account balances and other financial information in connection with his affidavit of indigency.

{¶ 10} 4. Respondent has not filed a responsive pleading in this matter.

Discussion and Conclusions of Law:

{¶ 11} Inmates commencing a civil action or appeal in Ohio courts are subject to certain filing requirements. R.C. 2969.25(A) states:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 12} Thus, R.C. 2969.25(A) requires an inmate to file an affidavit listing each civil action or appeal of a civil action he has filed in the previous five years in any state or federal court, as well as information regarding the outcome. This court has noted that " '[c]ompliance with R.C. 2969.25(A) is mandatory and failure to comply subjects an inmate's action to dismissal.' " *Arega v. Coleman*, 10th Dist. No. 15AP-629, 2015-Ohio-

5242, ¶ 11, quoting *Morris v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 05AP-596, 2005-Ohio-6306, ¶ 6. Further, "the affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal," and the "belated attempt to file the required affidavit does not excuse noncompliance." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4.

{¶ 13} The filing requirements for inmate litigants seeking a waiver of filing fees are clear pursuant to R.C. 2969.25(C), which states as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at the time.

{¶ 14} Again, the requirements of R.C. 2969.25(C) are mandatory, *State ex. rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997), and dismissal of a complaint is proper when the requirements of R.C. 2969.25(C) are not met. *Whiteside v. Ohio Adult Parole Auth.*, 10th Dist. No. 05AP-1265, 2006-Ohio-3145, ¶ 11-12; *Watley v. Coval*, 10th Dist. No. 03AP-829, 2004-Ohio-1734.

{¶ 15} Because relator's complaint does not furnish affidavits and documents in compliance with either of these statutory requirements for inmate litigants, the magistrate concludes that the court must as a matter of law dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).